UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

JORGE FELIX PERERA, JR.

    Plaintiff,

vs.

AMERICAN BANCSHARES MORTGAGE, LLC,
a Florida limited liability company, and
JOHN A. COSCULLUELA, individually,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff Jorge Felix Perera ("Perera"), by and through undersigned counsel, hereby sues Defendants American Bancshares Mortgage, LLC ("ABM" or the "Company") and John A. Cosculluela ("Cosculluela") (jointly "Defendants"), and for its complaint alleges as follows:

### Introduction

1.    This is an action by Perera against his former employers to recover money damages for unpaid wages and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Perera seeks damages, a reasonable attorneys' fee, and costs allowable by law.

### Jurisdiction and Venue

2.    This action arises under the FLSA. This Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. Perera resides in Miami-Dade County, Florida and was employed by Defendants in Miami-Dade County, Florida.

4. ABM is a Florida limited liability company with its principal place of business in Miami Lakes, Florida.

5. Cosculluela is a citizen of Florida who resides in Miami-Dade County, Florida.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants transact business in this District, Defendants maintain a principal place of business in this District, ABM employed Perera in this District, the claim arose within the District, and Defendant Cosculluela resides in this District.

**Parties and General Allegations**

7. ABM is a residential mortgage lender with its corporate office located at 14211 Commerce Way, Suite 100, Miami Lakes, FL 33016. ABM has several branches. One of the branches was formerly located at ABM's corporate office (the "Branch") and later relocated to 7975 Miami Lakes Drive, #410, Miami Lakes, FL 33016.

8. Cosculluela is Chief Executive Officer, President and shareholder of ABM. He ran ABM's day-to-day operations, was directly involved in decisions affecting employee compensation and hours worked, controlled the financial decisions of ABM including payment of employee wages, had supervisory authority over Perera, and was partially or totally responsible for payment of Perera's wages.

9. Defendants employed Perera as a Non-Producing Branch Manager of the Branch from approximately March 2013 to May 2016.

10. Defendants were Perera's direct employers, joint employers and/or co-employers for purposes of the FLSA, as the term "employer is defined by 29 U.S.C. § 203(d). Both Defendants employed Perera.

11. As a residential mortgage lender servicing customers throughout the United States, ABM is an enterprise directly engaged in interstate commerce and it has employees directly engaged in interstate commerce. ABM is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 for the relevant period.

12. At all times pertinent to this Complaint, ABM operates as a company which sells and/or markets its services to customers throughout the United States and also obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

13. Perera's work for Defendants was actually in or so closely related to the movement of commerce that the FLSA applies to Perera's work for Defendants. Perera regularly used the mail and telephone for interstate communication, he shipped and received materials moving in interstate commerce and regularly used computers, software programs and other goods and supplies that moved through interstate commerce.

14. Throughout Perera's employment with ABM as a Non-Producing Branch Manager at the Branch, ABM and Cosculluela expressly misclassified Perera as "exempt" from the minimum wage and overtime provisions of the FLSA based on the outside sales exemption. Perera, however, did not meet the requirements of an outside sales employee during the relevant period.

15. Perera's compensation structure is set forth in the Branch Manager Agreement entered into between Perera and ABM on or around March 19, 2013 (the "Agreement"). A copy of the Agreement is attached hereto as **Exhibit A**.

16. As set forth in the Agreement, Perera was never paid a set or base salary while employed by Defendants. Instead, Defendants compensated Perera based on the production/profitability of the Branch.

17. Contrary to the FLSA, Defendants also made improper deductions from Perera's wages on several occasions. For example, Defendants deducted from funds due to Perera based on the quality of the loan documentation and/or the salability/production of the loans of the Branch.

18. The Agreement itself contains a myriad of provisions outlining when ABM could make deductions from Perera's wages. For example, Article V(c) of the Agreement outlines at least four (4) ways ABM could "withhold and reimburse itself from any compensation due Manager." This section includes the assessment of a specific fee for each loan application that is "not accompanied by all documentation required by Headquarters."

19. Article V (D) of the Agreement indicates that Perera would be required to refund all premiums earned on a loan when the loan "fails to perform or pays off early."

20. The Agreement also contains an entire section (Article V (G)) describing compensation Defendants could – and did in fact – withhold from Perera to be placed in a "reserve/contingency account." Defendants relied on this section throughout Perera's employment with ABM to improperly withhold compensation owed to Perera.

21. During all relevant times, Perera regularly worked well over 40 hours per workweek. Perera frequently worked late hours at the Branch and continued to work from home

even after leaving the office in the evenings and on weekends. Defendants failed to compensate Perera for overtime work performed.

22. In addition to violating the FLSA's overtime provisions, Defendants violated the FLSA's minimum wage requirements when they failed to pay Perera any compensation for the work he performed for ABM in April 2016 and May 2016. All payments made to Perera in April 2016 were for work performed on or before March 2016.

23. Perera retained undersigned counsel and agreed to pay a reasonable attorneys' fee for all services rendered.

24. This action is brought by Perera to recover from the Defendants for unpaid wages and overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

## COUNT I –MINIMUM WAGE AND OVERTIME VIOLATIONS AGAINST ABM UNDER THE FAIR LABOR STANDARDS ACT

25. Perera re-alleges and incorporates by reference the allegations in paragraphs 1 through 24 of his Complaint above as if fully set forth herein.

26. Perera was never paid a set or base salary while employed ABM. Instead, Defendants compensated Perera based on the production/profitability of the Branch.

27. Throughout his employment, Defendants misclassified Perera as an exempt outside sales employee. Perera, however, did not meet the requirements of the outside sales exemption.

28. Despite regularly working over 40 hours per workweek, Defendants never paid Perera any overtime. Defendants' failure to issue Perera overtime payment violated the FLSA.

29. Perera is due overtime compensation for a period of three years.

30. Defendants also made improper deductions to Perera's wages and improperly withheld Perera's compensation in a "reserve/contingency account."

31. ABM failed to comply with the FLSA's minimum wage requirements in April 2016 and May 2016. There are other potential minimum wage violations that may be discovered through the discovery process.

32. Defendants failed to maintain any time records for the work performed by Perera.

33. Defendants' violations of the FLSA were willful.

**WHEREFORE,** Perera respectfully requests that the Court:

a. Enter judgment for Perera against ABM under the FLSA;

b. Award Perera actual damages for the unpaid wages;

c. Award Perera liquidated damages;

d. Award Perera his attorneys' fees and costs;

e. Award Perera all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II – MINIMUM WAGE AND OVERTIME VIOLATIONS AGAINST COSCULLUELA UNDER THE FAIR LABOR STANDARDS ACT

34. Perera re-alleges and incorporates by reference the allegations in paragraphs 1 through 24 of his Complaint above as if fully set forth herein.

35. During all relevant periods, Cosculluela operated the day-to-day activities of ABM, had supervisory authority over Perera, and was partially or totally responsible for paying Perera's wages.

36. Cosculluela was responsible for hiring Perera and had the authority to terminate Perera's employment with ABM.

37. Cosculluela was Perera's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

38. Throughout his employment, Cosculluela misclassified Perera as an exempt outside sales employee. Perera, however, did not meet the requirements of the outside sales exemption.

39. Despite regularly working over 40 hours per workweek, Cosculluela never paid Perera any overtime. Cosculluela's failure to issue Perera overtime payment violated the FLSA.

40. Perera is due overtime compensation for a period of three years.

41. In addition to violating the FLSA's overtime provisions, Cosculluela violated the FLSA's minimum wage requirements when he failed to pay Perera any compensation for the work he performed for ABM in April 2016 and May 2016.

42. Cosculluela also made improper deductions to Perera's wages and improperly withheld Perera's compensation in a "reserve/contingency account."

43. Cosculluela failed to maintain any time records for the work performed by Perera.

44. Cosculluela's violations of the FLSA were willful.

45. In light of Cosculluela's role in setting Perera's compensation and determining how much and when to compensate him, as well as when deductions were made from Perera's wages, he is personally liable for the FLSA violations set forth above.

**WHEREFORE,** Perera respectfully requests that the Court:

a. Enter judgment for Perera against Cosculluela under the FLSA;

b. Award Perera actual damages for the unpaid wages;

c. Award Perera liquidated damages;

d. Award Perera his attorneys' fees and costs;

e.  Award Perera all recoverable interest; and

f.  Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Perera hereby requests a trial by jury with respect to all claims so triable.

Dated: June 17, 2016                         Respectfully submitted,


s/ Kelly A. McGovern
KELLY A. MCGOVERN (Fla. Bar No. 28121)
kmcgovern@kapfirm.com
LAW OFFICE OF KELLY A. MCGOVERN, P.A.
226 N. Latitude Circle, #309
Delray Beach, Florida 33483
Telephone: 305-753-7233
Facsimile: 561-634-4252
*Attorneys for Plaintiff*

s/ Jennifer Saltz Bullock, Esq.
JENNIFER SALTZ BULLOCK
(Fla. Bar No. 866881)
jbullock@stearnsweaver.com
J. FREDDY PERERA (Fla. Bar No. 93625)
fperera@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
  ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: 305-789-3200
Facsimile: 305-789-3395
*Attorneys for Plaintiff*